COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-138-CR

                                        NO.
2-08-139-CR

 

 

ANTHONY DWAYNE MORGAN                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 415TH
DISTRICT COURT OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Anthony Dwayne Morgan
of felony evading arrest in a vehicle and burglary of a habitation.  Finding the enhancement allegations to be
true in each case, the jury assessed punishment at twenty years=
confinement in the evading arrest case and sixty years=
confinement in the burglary case.  The
trial court sentenced Appellant accordingly. 
In two issues in each case, Appellant challenges the legal and factual
sufficiency of the evidence.  Because we
hold that the evidence is legally and factually sufficient to support both
convictions, we affirm the trial court=s
judgments.  

                                        Background
Facts

Around 10:15 on the morning of August 3, 2007,
while on patrol on Interstate 20, State Trooper Troy Erichsen saw a white
Suburban speeding in the opposite direction. 
Erichsen turned around and began following the Suburban and, when he got
close to the vehicle, turned on his lights and sirens.  The Suburban changed lanes and
accelerated.  An eighteen-mile chase
ensued, which ended when the Suburban skidded off the road into a ditch, then
into the yard of a residence, and then around a fountain in the yard, finally
stopping.  During the chase, Erichsen did
not notice anyone in the vehicle other than the driver, a dark-complected male
wearing a light-colored shirt, whom Erichsen could not see clearly because of
the Suburban=s window tinting.

As the Suburban stopped, Erichsen saw the
Suburban=s driver=s door
open.  He did not see anyone exit the
vehicle; upon inspection he determined that no one was inside it.  A crime scene investigator called to the
scene found a bloody tooth on the floorboard.








On the same morning, shortly after the car chase
ended, Appellant entered a house behind the residence where the Suburban had
stopped.  The owner of the house,
Dorothea Vandagriff, was in the kitchen when Appellant entered.

Vandagriff saw that Appellant was bleeding on his
chin and neck.  She stated, AYou=re
injured,@ and
offered to get her husband, who was mowing the lawn.  At that point Appellant shut the door, locked
it, and closed the blinds.  Appellant
stated, AYou=ve got
to help me[,] and I=ll pay you.@  Vandagriff offered to call 911 and walked
toward the telephone, but Appellant pulled her back from the telephone and
said, ANo
calls.@  He asked her for the keys to her car, and she
gave them to him.  She showed him her car
parked in her garage, and Appellant said that he wanted her to drive him and
that he would pay her.  Appellant walked
around the car to the passenger side. 
Vandagriff walked around to the driver=s side,
and while she was doing so, she saw her neighbor in her own front yard.  Vandagriff ran toward her neighbor, yelling, AHe=s
stealing my car.@ 
The neighbor spotted the police officers searching the neighborhood for
the Suburban driver and yelled to the officers, AHe=s in
there,@
pointing to the Vandagriff home. 
Appellant started the car, backed it out of the garage, turned it in the
yard, and started to drive out of the driveway, at which point he was stopped
by the police officers and taken into custody. 
His arrest occurred within minutes the end of the car chase.








             Evidence
of Evading Arrest in a Vehicle is Legally Sufficient

Appellant argues in his second issue that the
evidence is legally insufficient to support the jury=s
verdict because the evidence fails to show that he was the driver of the
Suburban.[2]  In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.[3]

The record contains some direct evidence that
Appellant was the driver of the Suburban. 
It was daylight.  Although the
windows were tinted, Officer Erichsen could see into the vehicle.  He was able to determine that the driver was
a male who had a dark complexion and wore a light-colored shirt.  Erichsen saw no other person in the
vehicle.  Appellant is a male with a dark
complexion, and he was wearing a light-colored shirt at the time of his arrest.








The record also contains some circumstantial evidence
that Appellant was the driver of the vehicle. 
Officer Erichsen and Mrs. Vandagriff both testified that Appellant was
bleeding from the mouth.  The crime scene
investigator found a tooth on the floorboard of the Suburban.  Appellant went to Mrs. Vandagriff=s house,
which was behind the house where the Suburban finally came to a stop.  When Appellant came into the house, he locked
the door and pulled down the blinds.  He
was breathing heavily and seemed very nervous. 
He tried to flee in Mrs. Vandagriff=s
car.  Officers arrested Appellant within
minutes of the Suburban=s coming to a stop in Mrs.
Vandagriff=s neighbor=s
yard.  The Suburban had New Mexico
license plates.  Appellant had
outstanding New Mexico warrants, and he had a Clovis, New Mexico address.

We treat circumstantial evidence exactly the same
way that we treat direct evidence.[4]  The question is whether a rational trier of
fact could determine Appellant=s guilt
beyond a reasonable doubt.[5]  Applying the appropriate standard of review,
we hold that the evidence is legally sufficient to support Appellant=s
conviction for evading arrest.  We
overrule Appellant=s second issue.








            Evidence
of Evading Arrest in a Vehicle is Factually Sufficient

In his first issue, Appellant argues that the
evidence is factually insufficient to support his conviction of evading arrest
because the evidence fails to show that he was the driver of the Suburban.  When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.[6]  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s determination
is manifestly unjust.[7]  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.[8]








We do not combine the legal and factual
sufficiency reviews.[9]  The facts, however, remain the same, whether
we are engaging in a factual sufficiency review or a legal sufficiency review;
only the lens through which we view the evidence changes.

Officer Erichsen followed the Suburban.  Although the windows were tinted, he was able
to see into the vehicle and saw only one person, the driver.  He saw that the driver was a male with a dark
complexion who was wearing a light-colored shirt.  As the Suburban stopped, Officer Erichsen saw
the driver=s-side door open, although he
did not see anyone get out of the vehicle. 
He did not testify that he saw any other door open.  No one was left in the vehicle.  On the floorboard, the crime scene
investigator found a bloody tooth.

Officer Erichsen testified that Appellant is a
dark complected male and was wearing a light-colored shirt at the time of his
arrest.  Officer Erichsen also testified
that Appellant was bleeding profusely from the mouth at the time of his arrest
and that it appeared that a couple of his teeth had been knocked out.

Officer Erichsen additionally testified that the
Suburban had a New Mexico license plate. 
Subsequent investigation revealed that Appellant had outstanding
warrants in New Mexico and that Appellant had a Clovis, New Mexico address.








Mrs. Vandagriff identified Appellant as the
person who came into her house, breathing heavily and appearing very nervous,
and who got upset when she offered to call 911. 
He took the keys to her car and attempted to drive off.  Mrs. Vandagriff identified Appellant at trial
and testified that when he came into her house, he had blood on his clothing,
and his mouth was bleeding.

Mrs. Vandagriff=s house
was behind the house where the Suburban stopped.  Appellant was arrested within minutes after
the Suburban slid to a stop in Mrs. Vandagriff=s
neighbor=s yard.

Applying the appropriate standard of review, we
hold that the evidence is factually sufficient to support Appellant=s
conviction for felony evading arrest.  We
overrule Appellant=s first issue.

               Evidence
of Burglary of a Habitation is Legally Sufficient

In his fourth issue, Appellant contends that the
evidence is legally insufficient to support his burglary conviction because the
evidence fails to establish that Vandagriff did not consent to his entry into
the house.[10]  Direct and circumstantial evidence supports
the jury=s
conclusion that the evidence is legally sufficient to show the absence of
consent.








The direct evidence includes testimony of the
owners.  Mrs. Vandagriff testified that
Appellant did not have her consent to enter her home.  Her husband testified that Appellant did not
have his permission to enter their home. 
There is no evidence that anyone else was an owner of the home.

Circumstantial evidence, which we treat in
exactly the same way we treat direct evidence,[11]
also supports the verdict.  When Mrs.
Vandagriff said that she would call her husband, Appellant quickly closed and
locked the door and closed the blinds, both on the door and on the adjacent
window.  When Mrs. Vandagriff offered to
call 911, Appellant became upset and demanded that she not do so.  He asked Mrs. Vandagriff for the keys to her
car, offering to pay her to help him flee the scene.  There is no evidence that Appellant either
had permission to enter the home or believed that he had permission to enter the
home.

Applying the appropriate standard of review,[12]
we hold that the evidence is legally sufficient to support Appellant=s
conviction for burglary of a habitation. 
We overrule Appellant=s fourth
issue.

              Evidence
of Burglary of a Habitation is Factually Sufficient








In his third issue, Appellant argues that the
evidence is factually insufficient to support his conviction for burglary of a
habitation because the evidence does not show the absence of the owner=s
consent to Appellant=s entry into the house.

Mrs. Vandagriff testified that when Appellant
came into her kitchen, he entered through her back kitchen door, which had been
closed.  She testified that she did not
give Appellant permission to enter her home. 
Mr. Vandagriff testified that he did not give Appellant permission to be
in his house on the day of the offense. 
There is no evidence contradicting these assertions.  Applying the appropriate standard of review,[13]
we hold that the evidence is factually sufficient to support Appellant=s
conviction for burglary of a habitation. 
We overrule Appellant=s third
issue.

                                             Conclusion

Having overruled Appellant=s four
issues, we affirm the trial court=s
judgments.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 38.04(a), (b)(1)
(Vernon 2003) (providing that A[a] person commits an offense if he intentionally
flees from a person he knows is a peace officer attempting lawfully to arrest
or detain him@ and Auses a vehicle while . .
. in flight@).





[3]Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).





[4]Laster v. State, No. PD-1276-07, 2009 WL
80226, at *4 (Tex. Crim. App. Jan. 14, 2009).





[5]Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Clayton, 235 S.W.3d at 778.





[6]Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).





[7]Lancon v. State, 253 S.W.3d 699, 704
(Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.





[8]Watson, 204 S.W.3d at 417.





[9]Laster, 2009 WL 80226, at *3.





[10]See Tex. Penal Code Ann. ' 30.02(a)(1), (3)
(Vernon 2003) (providing that A[a] person commits an offense if, without the
effective consent of the owner, the person . . . enters a habitation . . . [1]
with intent to commit a felony, theft, or an assault@  or (2) Aand commits or attempts to commit a felony,
theft, or an assault@).





[11]Laster, 2009 WL 80226, at *3.





[12]See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Clayton, 235 S.W.3d at 778.





[13]See Neal, 256 S.W.3d
at 275; Lancon, 253 S.W.3d at 704; Watson, 204 S.W.3d at 414B15, 417.